## MCLEMORE v STATE OF FLORIDA
### Case No. CJAP88-31 (County Court Case No. TO87-118046)
Ninth Judicial Circuit, Orange County

September 13, 1990

### APPEARANCES OF COUNSEL

**Neal T. McShane, Esquire,** for appellant.
**Office of the State Attorney,** for appellee.

### OPINION OF THE COURT

GARY L. FORMET, SR., Circuit Judge.

The Court has reviewed the record on appeal and briefs of counsel, dispenses with oral argument herein pursuant to Fla.R.App.P. 9.320, and finds as follows.

The Defendant, Appellant in this appeal, pled no contest to Driving Under the Influence of Alcoholic Beverages, reserving the right to appeal denial of his motion to dismiss based upon a violation of constitutional due process. Defendant argues that he was prohibited from pursuing his right to an independent blood test under Florida Statutes 316.193(1)(f)(3). Defendant argues the prohibition resulted from: (1) a promise by authorities that he would be "booked and

released", and (2) placement in a detoxification cell which prohibited him from making a telephone call or posting bond for his release.

While the record on appeal might support the conclusion that the comments by authorities that Defendant would be booked and released influenced his decision to take the breath test, there is nothing in the record which would sustain this inhibiting his ability to be released, enabling him to obtain his own blood test.

Defendant further argues that after the booking procedure was complete, he was placed in a detoxification cell. The argument implies that placement in the detoxification cell prohibited his ability to post bond or make a telephone call enabling others to gain his release. The implication is not supported by the record on appeal. It is true that at one point in the booking process Defendant was instructed to hang up a telephone he had sought to use, in order that the booking process could be completed, but there is no indication in the record that the Defendant, upon completion of the booking process, again sought the use of a telephone. There is nothing in the record which supports the conclusion that one placed in a detoxification cell cannot bond out or be released.

There is nothing in the appellate record which would sustain the Defendant's contention that the authorities by their actions or regulations frustrated Defendant's reasonable efforts designed to procure probative evidence.

There is no argument presented regarding denial of the Defendant's motion to suppress.

The order of the trial court denying the motion to suppress and dismiss is AFFIRMED.

Motions for rehearing will not be entertained. The Clerk is directed to issue its mandate forthwith.

DONE AND ORDERED in chambers at the Orange County Courthouse, Orlando, Florida, this 13th day of September, 1990.